Electronically Filed
Intermediate Court of Appeals
30677
13-SEP-2013
08:29 AM

NO. 30677

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MANUEL D. SOUND and THOMPSON PHILLIP,
on behalf of themselves and all similarly
situated persons, Plaintiffs-Appellants, v.
STATE OF HAWAI'I, DEPARTMENT OF HUMAN SERVICES,
LILLIAN B. KOLLER, in her capacity as Director of
Human Services, STATE OF HAWAI'I, DEPARTMENT OF HUMAN
SERVICES, MED-QUEST DIVISION, DR. KENNETH FINK,
in his capacity as State of Hawai', Department of Human
Services, Med-Quest Division, Administrator, Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-2022-08)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Fujise and Leonard, JJ.)

In an action challenging the validity of certain administrative rules (**2009 COFA Rules**), Plaintiffs/Appellants Manuel D. Sound and Thompson Phillip (**Plaintiffs**) appeal from a Circuit Court of the First Circuit (**Circuit Court**) post-judgment "Order Denying Plaintiffs' Motion for Attorneys' Fees and Costs" filed on July 27, 2010 (**Order Denying Fees**).[1]

On August 31, 2009, Plaintiffs filed a Complaint seeking declaratory and injunctive relief against Defendants-Appellees State of Hawai'i, Department of Human Services (**DHS**), Lillian B. Koller, and Dr. Kenneth Fink (collectively, the

---

[1]    The Honorable Gary W.B. Chang presided.

State),[2] to prevent the State from implementing the 2009 COFA Rules under two theories: (1) that the State's actions violated Article I, Sections 2 and 5 of the Hawaiʻi State Constitution; and (2) the 2009 COFA rules were promulgated in violation of the Hawaiʻi Administrative Procedure Act (**HAPA**), Hawaii Revised Statutes (**HRS**) § 91-3.[3] On January 26, 2010, the Circuit Court granted partial summary judgment in favor of Plaintiffs on the second of these grounds, declaring that the 2009 COFA Rules were not adopted in conformity with HAPA and were, therefore, invalid. The constitutional claim was thereafter dismissed as moot. The Circuit Court entered Final Judgment on April 19, 2010. The Circuit Court entered the Order Denying Fees on July 27, 2010, without stating its reasoning for doing so. A notice of appeal was timely filed.

On appeal, Plaintiffs argue that their request for attorneys' fees was improperly denied, raising two points of error: (1) the Circuit Court erred in denying Plaintiffs' request for attorneys' fees under the common fund doctrine; and (2) the Circuit Court erred in denying Plaintiffs' request for attorneys' fees under the private attorney general doctrine.

In conjunction with its other arguments, the State contends that Plaintiffs' request for attorneys' fees "is simply a request for monetary damages against the State" and should not

---

[2]    Lillian Koller and Dr. Fink were sued in their official capacities as the DHS Director and the DHS Med-Quest Division Administrator, respectively.

[3]    HRS Chapter 91, known as the Hawaiʻi Administrative Procedure Act, establishes the procedures which state and county governmental agencies must follow when they make rules. See HRS Chapter 91. HRS § 91-3 (2012) articulates the clearly defined procedures for the adoption, amendment, or repeal of rules by an administrative agency, and ensures public involvement and participation in the rulemaking process. In 2012, HRS § 91-3(b) was amended to allow an agency to adopt, amend, or repeal a rule without prior notice or hearing or upon abbreviated notice and hearing for "imminent peril to natural resources." 2012 Haw. Sess. Laws Act 149, §§ 1, 2 at 532. The procedure for the adoption, amendment, or repeal of rules under normal circumstances was otherwise unchanged and identical to the statute then in force during all times relevant to the instant proceeding. See id.

be allowed.  Although poorly presented and supported in the State's answering brief, this sovereign immunity argument has merit.[4]  As the Hawai'i Supreme Court recently reaffirmed:

> Pursuant to the doctrine of sovereign immunity, the sovereign State is immune from suit for money damages, except where there has been a clear relinquishment of immunity and the State has consented to be sued.  Bush v. Watson, 81 Hawai'i 474, 481, 918 P.2d 1130, 1137 (1996) (citations and internal quotation marks omitted).  This court has recognized that **an award of costs and fees to a prevailing party is inherently in the nature of a damage award**.  Sierra Club v. Dept. of Trans. (Superferry II), 120 Hawai'i 181, 226, 202 P.3d 1226, 1271 (2009) (quotation marks omitted) (quoting Fought & Co. v. Steel Eng'g & Erection, Inc., 87 Hawai'i 37, 51, 951 P.2d 487, 501 (1998)).  Accordingly, to properly award attorney's fees and costs against the State, there must be 'a clear relinquishment' of the State's immunity[.] Id. (quoting Bush v. Watson, 81 Hawai'i 474, 481, 918 P.2d 1130, 1137 (1996).
>
> .  .  .  .
>
> This court has noted that the State has waived immunity to suit only to the extent as specified in HRS chapters 661 and 662.  Taylor-Rice v. State, 105 Hawai'i 104, 110, 94 P.3d 659, 665 (2004) (citations omitted).  HRS § 661-1(1) contains a limited waiver of sovereign immunity for claims against the State of Hawai'i that are founded upon a statute[.]  Garner v. State, Dep't of Educ., 122 Hawai'i 150, 160, 223 P.3d 215, 225 (App. 2009).  In determining the extent of the State's waiver of sovereign immunity, this court relies on the following principles derived from federal law:
>
> > (1) a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign; (2) a waiver of sovereign immunity must be unequivocally expressed in statutory text; (3) a statute's legislative history cannot supply a waiver that does not appear clearly in any statutory text; (4) it is not a court's right to extend the waiver of sovereign immunity more broadly than has been directed by the [the legislature]; and (5) sovereign immunity is not to be waived by policy arguments[.]
>
> Taylor-Rice, 105 Hawai'i at 110, 94 P.3d at 665 (citations, internal quotation marks, and brackets omitted).

---

[4]     In the Circuit Court, in its response to Plaintiffs' motion for partial summary judgment, inter alia, the State noted that "the State of Hawaii has not waived its sovereign immunity to allow Plaintiffs to sue for damages for violation of HAPA, including attorney's fees."

Kaleikini v. Yoshika, 129 Hawai'i 454, 467, 304 P.3d 252, 265 (2013) (emphasis and full case citations added; footnotes and internal quotation marks omitted).

In the instant case, Plaintiffs sought declaratory and injunctive relief pursuant to HAPA's judicial review statute, HRS § 91-7. As discussed below, HRS § 91-7 does not waive the State's sovereign immunity.

In Sierra Club II, the Hawai'i Supreme Court concluded that the State waived its sovereign immunity pursuant to HRS § 343-7. 120 Hawai'i at 226-28, 202 P.3d at 1271-73. In Kaleikini, however, the Hawai'i Supreme Court found that HRS § 6E-13(b) (2009)[5] was distinguishable from HRS § 343-7 because HRS § 6E-13(b) "allows suit to be brought only for a restraining order or injunctive relief," and therefore, a waiver of the

---

[5]     HRS § 6E-13(b) provides:

> Any person may maintain an action in the trial court having jurisdiction where the alleged violation occurred or is likely to occur for **restraining orders or injunctive relief** against the State, its political subdivisions, or any person upon a showing of irreparable injury, for the protection of an historic property or a burial site and the public trust therein from unauthorized or improper demolition, alteration, or transfer of the property or burial site.

(Emphasis added.)

State's sovereign immunity could not be similarly implied.[6/]
Kaleikini, at *11.  The Kaleikini Court explained:

> It is well settled that a provision allowing for declaratory or injunctive relief is not a *waiver* of the State's sovereign immunity, but rather an *exception* to the sovereign immunity doctrine for which no waiver is necessary.  [Sierra Club II], 120 Hawai'i at 229 n.30, 202 P.3d at 1274 n.30 ("Where a party seeks only injunctive relief, the ability to sue the state does not stem from a waiver of sovereign immunity, but from the fact that sovereign immunity does not bar the suit in the first place.").  Indeed, [Sierra Club II] expressly recognized the distinction between a claim brought pursuant to HRS § 343-7 and one seeking only injunctive relief.  Id.  (noting that the case relied on by the dissent in [Sierra Club II], Taomae v. Lingle, 110 Hawai'i 327, 132 P.3d 1238 (2006), was distinguishable because it involved a suit for injunctive relief and therefore involved "no statutory waiver of sovereign immunity for the underlying action").

Id. at *11.  Accordingly, the supreme court concluded, "HRS § 6E-13(b) does not contain a waiver of the State's sovereign immunity."  Id. at *12.

Similar to Kaleikini, here, Plaintiffs sought declaratory and injunctive relief pursuant to HAPA's judicial review statute, HRS § 91-7, which provides:

> **Declaratory judgment on validity of rules.**  (a) Any interested person may obtain a **judicial declaration as to the validity of an agency rule** as provided in subsection (b) herein by bringing an action against the agency in the circuit court of the county in which petitioner resides or has its principal place of business.  The action may be maintained whether or not petitioner has first

---

[6/]    Long before Kaleikini, the Hawai'i Supreme Court recognized the distinction between the effect of sovereign immunity on actions seeking prospective relief and those seeking retrospective relief, stating:

> **If the relief sought against a state official is prospective in nature, then the relief may be allowed regardless of the state's sovereign immunity.**  This is true even though accompanied by a substantial ancillary effect on the state treasury.  However, relief that is tantamount to an award of damages for a past violation of law, even though styled as something else, is barred by sovereign immunity.

Pele Def. Fund v. Paty, 73 Haw. 578, 609-10, 837 P.2d 1247, 1266 (1992) (citations, internal quotation marks, footnote, and ellipsis omitted; emphasis added).  Therefore, "[w]here a party seeks only injunctive relief, the ability to sue the state does not stem from a *waiver* of sovereign immunity, but from the fact that sovereign immunity does not bar the suit in the first place."  Sierra Club II, 120 Hawai'i at 229 n.30, 202 P.3d at 1274 n.30.

requested the agency to pass upon the validity of the rule in question.

(b) **The court shall declare the rule invalid** if it finds that it violates constitutional or statutory provisions, or exceeds the statutory authority of the agency, **or was adopted without compliance with statutory rulemaking procedures**.

HRS § 91-7 (2012) (emphasis added). According to its plain language, HRS § 91-7 allows suit to be brought only for declaratory relief, and is therefore distinguishable from HRS § 343-7 and Sierra Club II. Instead, similar to Kaleikini, a waiver of the State's sovereign immunity cannot be implied from HRS § 91-7. See Kaleikini, at *11 (citing Sierra Club II, 120 Hawai'i at 229 n.30, 202 P.3d at 1274 n.30) ("It is well settled that a provision allowing for declaratory or injunctive relief is not a *waiver* of the State's sovereign immunity, but rather an *exception* to the sovereign immunity doctrine for which no waiver is necessary."). Accordingly, HRS § 91-7 does not waive the State's sovereign immunity and, thus, the State's immunity bars Plaintiffs' request for attorney's fees.

For these reasons, the Circuit Court's July 27, 2010 Order Denying Fees is affirmed.

DATED: Honolulu, Hawai'i, September 13, 2013.

On the briefs:

Victor Geminiani
(Lawyers for Equal Justice)

    and

J. Blaine Rogers
Zachary A. McNish
(Alston Hunt Floyd & Ing)
for Plaintiffs-Appellants

Heidi M. Rian
John F. Molay
Lee-Ann Brewer
Deputy Attorneys General
for Defendants-Appellees

Chief Judge

Associate Judge

Associate Judge

6